IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Huntington Division

**JERELL JOHNSON,**

    **Plaintiff,**

v.                                                                            Civil Action No.  3:23-cv-00008

**SANTANDER CONSUMER USA, INC.,
EXPERIAN INFORMATION
SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES,**
    **Defendants.**

## COMPLAINT

This case involves Defendants' repeated insistence on negatively reporting Plaintiff's credit. Despite Plaintiff's requests for reinvestigation and correction, Defendants failed to reasonably investigate Plaintiff's disputes and continued to inaccurately report that Plaintiff had a serious delinquency on an account that never belonged to Plaintiff. Defendant Santander refused to acknowledge that Plaintiff did not owe the debt, even after Plaintiff provided irrefutable proof. Plaintiff brings this action for actual, statutory, and punitive damages, and for costs and attorney's fees, pursuant to the Fair Credit Reporting Act.

## PARTIES

1. Plaintiff Jerell Johnson resides in Huntington, Cabell County, West Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and *West Virginia Code* § 46A-2-122(a).

2. (a) Defendant Experian Information Services, Inc. (Experian), is an Ohio corporation registered to do business in West Virginia with its principal office address located at 475 Anton Boulevard, Costa Mesa, CA, 92626.

(b) Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c) Experian disburses such consumer reports to third parties under contract for monetary compensation.

3. (a) Defendant Equifax Information Services, LLC (Equifax) is a corporation registered to do business in West Virginia with its principal office in Georgia.

(b) Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c) Equifax disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant Santander Consumer USA, Inc ("Santander") has a principal office location of 1601 Elm Street, Suite 800, Dallas, TX, 75201. Defendant Santander is seeking to collect from Plaintiff and furnishes information to credit reporting agencies regarding the account.

## STATEMENT OF FACTS

5. Defendant Santander is a debt collector collecting an allegedly past due account of Plaintiff.

6. Defendant Santander continues to report that Plaintiff is willfully refusing to pay a just debt that has been charged off in the amount of $18,195.00.

7. Plaintiff does not owe the alleged debt.

8. Santander alleges that the account was opened in September 2015.

9. Plaintiff could not possibly have opened an account in September 2015 due to the fact that Plaintiff was incarcerated beginning June 23, 2015.

10. Plaintiff did not authorize Santander to access his credit in September 2015.

11. After repaying his debt to society by completing his sentence, Plaintiff sought a fresh start.

12. Plaintiff drives a truck and seeks to start a trucking company.

13. However, when he attempted to finance a truck of his own, Plaintiff learned that Santander was reporting that he owed them for a car purchased.

14. Plaintiff contacted Santander by phone to dispute the debt.

15. Santander ignored the dispute and continued to report the debt.

16. Plaintiff disputed the inaccurate Defendant Santander information through a dispute mechanism in the summer of 2021 to Defendant Experian.

17. Upon information and belief, Defendant Experian sent Plaintiff's dispute to Defendant Santander to investigate.

18. Following this investigation, Defendant Experian informed Plaintiff that it had verified that the Santander tradeline was accurate on August 24, 2021.

19. Plaintiff disputed the inaccurate Defendant Santander information through a dispute mechanism in or around the winter of 2021 to Defendant Equifax.

20. Upon information and belief, Defendant Equifax sent Plaintiff's dispute to Defendant Santander to investigate.

21. Following this investigation, Defendant Equifax informed Plaintiff that it had verified that the Santander tradeline was accurate on January 11, 2022.

22. Plaintiff again disputed the inaccurate tradeline in February 2022 to Defendants Experian and Equifax.

23. Both credit reporting agencies continued to verify and report the inaccurate information.

24. A third credit reporting agency – TransUnion – did not report the false, inaccurate Santander tradeline.

25. Defendants Experian and Equifax persisted in reporting significantly inaccurate information regarding the Defendant Santander account, including that the status of the account was past due, and at various times between 90 and more than 180 days past due and was charged off.

26. Defendant Santander received disputes from Experian and Equifax regarding Plaintiff's accounts after Plaintiff disputed the inaccurate tradelines.

27. In response to these requests, Defendant Santander failed to reasonably investigate Experian's and Equifax's disputes, failed to review all relevant information provided by the consumer reporting agency, and failed to modify information that was found to be inaccurate, incomplete, or could not be verified, when it continued to permit the reporting of the delinquencies and improper information on the account.

28. Instead, Defendant Santander permitted facially inaccurate information to be reported on Plaintiff's account.

## **Damage**

29. Defendants have failed and refused to appropriately reinvestigate and to accurately report Plaintiff's credit line relating to the Defendant Santander account.

30. Plaintiff was denied by Glockner Chrysler Dodge Jeep of Ashland for a vehicle loan because of the inaccurate credit.

31. As the result of Defendants' conduct, Plaintiff has suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and the inability to access credit.

## CLAIMS FOR RELIEF

### A. Santander

### COUNT I – VIOLATION OF FAIR CREDIT REPORTING ACT

32. Plaintiff incorporates the preceding paragraphs by reference.

33. Defendant Santander repeatedly violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

34. Defendant Santander received notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by Defendant Santander to Experian and Equifax.

35. Defendant Santander failed to conduct a reasonable investigation with respect to the disputed information.

36. As a result of this conduct, action, and inaction of Defendant Santander, Plaintiff suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. Defendant Santander's conduct, action, and inactions were and continue to be willful, rendering it liable for punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Santander has been negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages and civil penalties pursuant to 15 U.S.C. §1681n and §1681o;

(b) Reasonable attorney fees and the costs of this action; and

(c) Such other relief as the Court may deem equitable and just.

### COUNT II – VIOLATION OF FAIR CREDIT REPORTING ACT

38. Plaintiff incorporates the preceding paragraphs by reference.

39. On one or more occasions, Defendant Santander violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

40. Defendant Santander received notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by Defendant Santander to Experian and Equifax.

41. Defendant Santander failed to review all relevant information provided by Experian pursuant to section 1681i(a)(2) of this title.

42. As a result of this conduct, action, and inaction of Defendant Santander, Plaintiff suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43. Defendant Santander's conduct, action, and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Santander was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages and civil penalties pursuant to 15 U.S.C. §1681n and §1681o;

(b) Reasonable attorney fees and the costs of this action; and

(c) Such other relief as the Court may deem equitable and just.

### COUNT III – VIOLATION OF FAIR CREDIT REPORTING ACT

44. Plaintiff incorporates the preceding paragraphs by reference.

45. On one or more occasions, by example only and without limitation, Defendant Santander violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing representations within Plaintiff's credit file with Experian and Equifax without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

46. As a result of this conduct, action, and inaction of Defendant Santander, Plaintiff suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. Defendant Santander's conduct, action, and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Santander was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages and civil penalties pursuant to 15 U.S.C. §1681n and §1681o;

(b) Reasonable attorney fees and the costs of this action; and

(c) Such other relief as the Court may deem equitable and just.

### COUNT IV - VIOLATION OF THE FCRA

48. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

49. Defendant Santander willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a) using or obtaining a consumer report without a purpose authorized by the FCRA in violation of 15 U.S.C. § 1681b(f);

    b) falsely, purposely, surreptitiously, and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681q; and

    c) falsely, purposely, surreptitiously, and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681n and 1681o.

50. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a) An award of actual damages, including damages for embarrassment, loss of privacy, mental anguish, distress, worry, anxiety, humiliation and punitive damages;

    (b) Maximum civil penalties for each separate violation of these statutes, pursuant to 15 U.S.C. § 1681n and 1681o;

    (c) Reasonable attorney fees and the costs of this litigation;

    (d) Such other relief to which Plaintiff may be entitled in law or equity.

### B. <u>Experian and Equifax</u>

### COUNT VI - FAILURE TO REINVESTIGATE

52. Plaintiff incorporates all of the preceding paragraphs by reference.

53. Defendants Experian and Equifax failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

54. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

55. Plaintiff was harmed by Defendants' conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT VII - FAILURE TO ASSURE ACCURACY

56. Plaintiff incorporates all of the preceding paragraphs by reference.

57. Defendant Experian and Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

58. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

59. Plaintiff was harmed by Defendants' conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT VIII - REPORTING INFORMATION WHICH IT CANNOT VERIFY

60. Plaintiff incorporates all of the preceding paragraphs by reference.

61. Defendants Experian and Equifax failed to delete the reports from the credit reports and credit files maintained and published concerning Plaintiff after a reinvestigation that would have found the data to be unverifiable, in violation of 15 U.S.C. § 1681i(a)(5).

62. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

63. Plaintiff was harmed by Defendants' conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Plaintiff,
Jerell Johnson,
By Counsel,**

**/s/ Benjamin M. Sheridan**
Benjamin M. Sheridan (# 11296)
    ben@kleinsheridan.com
Jed R. Nolan (# 10833)
    jed@kleinsheridan.com
Counsel for Plaintiff

Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111